**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **360 SECURITY PARTNERS, LLC, and** | § | |
| **JASON PINSON,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3:21-CV-3004-B** |
| | § | |
| | § | |
| **PAUL HAMMOND,** | § | |
| *Defendant*. | § | |


**APPENDIX TO PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS**

Plaintiffs 360 Security Partners, LLC ("360") and Jason Pinson ("Pinson") (collectively,

"Plaintiffs") hereby file this Appendix to Plaintiffs' Motion for Spoliation Sanctions.

| Exhibit No. | Date | Description | Pages |
|---|---|---|---|
| A | 10/21/2022 | Declaration of Brian Oates | APP. 001 – APP. 003 |
| A-1 | 12/2/2021 | Letter from J. Pinson to P. Hammond | APP. 004 – APP. 005 |
| A-2 | 2/28/2022 | Email exchange between B. Oates and J. Holmes | APP. 006 – APP. 011 |
| A-3 | 3/2/2022 | Email exchange between B. Oates and J. Holmes | APP. 012 – APP. 017 |
| A-4 | 3/10/2022 | Email exchange between B. Oates and E. Fiducia | APP. 018 – APP. 019 |
| A-5 | 3/10/2022 | Email exchange between E. Fiducia and B. Oates | APP. 020 – APP. 022 |
| A-6 | 3/15/2022 | Email exchange between B. Oates and E. Fiducia | APP. 023 – APP. 027 |
| A-7 | 3/21/2022 | Email from J. Holmes to B. Oates | APP. 028 – APP. 029 |
| A-8 | 4/27/2022 | Letter from B. Oates to J. Holmes | APP. 030 – APP. 032 |
| A-9 | 5/12/2022 | Letter from B. Oates to J. Holmes | APP. 033 – APP. 035 |
| A-10 | 5/18/2022 | Email exchange between B. Oates and J. Holmes | APP. 036 – APP. 037 |
| B | 9/28/2022 | Declaration of Yaniv Schoff | APP. 038 – APP. 040 |
| C | 10/24/2022 | Declaration of Jerry Trojan | APP. 041 – APP. 042 |

Date: October 25, 2022                    Respectfully submitted,

By: */s/ Brian H. Oates*
Texas State Bar No. 24088144

Hannah E. Walsh
Texas State Bar No. 24125717
boates@jw.com
hwalsh@jw.com
2323 Ross Avenue, Suite 600
Dallas, TX 75201
(214) 953-6000 – Phone

**ATTORNEYS FOR PLAINTIFFS
360 SECURITY PARTNERS, LLC
& JASON PINSON**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5.1 on October 25, 2022.

*/s/ Brian H. Oates*
Brian H. Oates

# EXHIBIT
# A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 360 SECURITY PARTNERS, LLC AND | § | |
| JASON PINSON, | § | |
| | § | |
| PLAINTIFFS, | § | CIVIL ACTION NO. 3:21-CV-3004-B |
| | § | |
| v. | § | |
| | § | JURY DEMANDED |
| PAUL HAMMOND, | § | |
| | § | |
| DEFENDANT. | § | |

## DECLARATION OF BRIAN H. OATES

I, Brian H. Oates, make the following declaration in accordance with 28 U.S.C. § 1746, under oath, under penalty of perjury, and based on my personal knowledge and experience. I am over the age of 21 years old, and am fully competent to testify to the matters addressed herein.

1.      I am an attorney with Jackson Walker LLP located at 2323 Ross Avenue, Suite 600, Dallas, Texas 75201. I am admitted to practice law in the State of Texas. My firm and I represent Plaintiffs 360 Security Partners, LLC and Jason Pinson. In my capacity as Plaintiffs' attorney, I have become familiar with the facts set forth in this affidavit, each of which is true and correct based on my personal knowledge.

2.      360 terminated Hammond from his role as chief executive officer on December 2, 2021. At his termination, he was provided a letter, a true and correct copy of which is attached hereto as **Exhibit A-1**.

3.      On February 4, 2022, I spoke with Paul Hammond regarding this lawsuit and about his return of 360's MacBook computer. I asked Mr. Hammond to immediately return the computer

**DECLARATION OF BRIAN H. OATES**                                                          **PAGE 1**

and I expressly informed him that he needed to ensure that all data and information stored on it was preserved and unaltered.

4.      On February 25, 2022, I spoke with Mr. Hammond's attorney, Jeff Holmes.  During that conversation, I informed Mr. Holmes that Mr. Hammond must return 360's computer and that all data and information must be preserved for discovery purposes.

5.      I received an email from Mr. Hammond's attorney on February 28, 2022, and a true and correct copy of that email is attached hereto as **Exhibit A-2**.

6.      I responded to Mr. Hammond's attorney on March 2, 2022, and a true and correct copy of that email is attached hereto as **Exhibit A-3**.

7.      On March 10, 2022, I emailed Consilio, LLC, a forensic imaging firm, regarding the imaging 360's MacBook computer that was in Mr. Hammond's possession.  I copied Mr. Hammond's attorney on that email.  A true and correct copy of that email is attached hereto as **Exhibit A-4**.

8.      Consilio responded the same day providing options to collect and image the computer, and a true and correct copy of that email is attached hereto as **Exhibit A-5.**

9.      On March 15, 2022, I followed up with Mr. Hammond' attorney regarding shipping the computer to Consilio.  A true and correct copy of that email is attached hereto as **Exhibit A-6**.

10.      On March 21, 2022, Mr. Hammond's attorney informed me that he "would like to dually image the computer using a local forensic company" and that he would "be in touch."  A true and correct copy of that email is attached hereto as **Exhibit A-7**.

11.      I did not hear back from Mr. Hammond's attorney for more than a month.

12.      On April 27, 2022, I sent Mr. Hammond's attorney a letter demanding that 360's MacBook be returned to Plaintiffs no later than May 9, 2022.  A true and correct copy of that letter

**DECLARATION OF BRIAN H. OATES**                                                                **PAGE 2**

is attached as **Exhibit A-8.**  I subsequently talked to Mr. Hammond's attorney on the phone and he agreed to produce the MacBook by May 9, 2022.

13.     Mr. Hammond did not provide the computer by May 9, 2022.

14.     On May 12, 2022, I sent Mr. Hammond's attorney another letter about the MacBook computer's return.  A true and correct copy of that letter is attached as **Exhibit A-9**.

15.     Mr. Hammond's attorney responded on May 18, 2022.  A true and correct copy of that email is attached as **Exhibit A-10**.

16.     Mr. Hammond's attorney never notified me that his client performed a factory reset of the MacBook computer.  I first learned of that fact from Consilio.

17.     On July 22, 2022, I had a telephone call with Mr. Hammond's attorney in which he admitted his client factory reset the computer. He informed me that Mr. Hammond's forensic analyst was unable to recover any data from the computer due to Mr. Hammond's factory reset.

So declared under penalty of perjury on this 21st day of October, 2022.

_____
Brian H. Oates

**DECLARATION OF BRIAN H. OATES**                                                    **PAGE 3**

EXHIBIT
A-1

 GROUP

December 2, 2021

By Hand Delivery
Paul Hammond

Dear Paul:

This will confirm the termination of your employment effective immediately. Your final paycheck will be delivered to you promptly. If applicable, your final paycheck will include payout of any accrued but unused paid time off in accordance with company policy. In addition, you will be provided a notice of your rights under the Consolidated Omnibus Budget and Reconciliation Act of 1985.

To the extent you have not already done so, you must return all property of the 360 Security Partners, LLC and its affiliates (collectively, "360"), including identification cards or badges, access codes or devices, keys, laptops, computers, telephones, mobile phones, hand-held electronic devices, credit cards, electronically stored documents or files, physical files, documents and any other 360 property and information in your possession. Additionally, please provide a list of all business accounts of any type (social media, technology, payment, software, services, subscriptions, etc), whether opened in a 360 entity name or your own name on behalf of such business(es), along with usernames and passwords to each account. Please return this property and information to Jerry Trojan by no later than close of business on December 3, 2021.

Additionally, you must return any 360 electronic data in your possession, including emails, computer files, or other electronic information. You should not keep any electronic data related to your work with 360, download any such data to a personal drive, email it to yourself, save it to a cloud site, or otherwise keep or use it once your employment with 360 is over. This includes any data, notes, or other materials that you may have created during the course of your job duties with 360.

Please recall that you are party to a Purchase Agreement dated August 17, 2020. Under Section 5.2 of the Purchase Agreement, you are subject to confidentiality and non-competition obligations. We expect your compliance with these requirements, and the company will take action to protect its interests should you violate these provisions.

Please review this letter and sign below acknowledging that you: (i) have returned (or by no later than December 3, 2021 will return) all 360 property, documents, and electronic data in your possession; and (ii) will comply with your confidentiality and non-competition obligations in the Purchase Agreement.

If you have any questions regarding this letter, please contact Brian Oates, Esq. at boates@jw.com.

Sincerely,

360 Security Partners Board of Directors
By: Jason Pinson

Acknowledged:

_____
Paul Hammond

1

EXHIBIT
A-2

**Oates, Brian**

| | |
|---|---|
| **From:** | Jeff Holmes <jholmes@bhpwlaw.com> |
| **Sent:** | Monday, February 28, 2022 5:43 PM |
| **To:** | Oates, Brian |
| **Subject:** | RE: Paul Hammond, Jason Pinson, and 360 Security Partners -  Settlement Discussion |
| **Attachments:** | SKM_C36822022818050.pdf |

<strong style="color:red">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**</strong>

Brian:

Well, we are already fighting, but not too much I suspect. I have attached a modified signed acceptance of service. I am happy to sign a revised version incorporating my edits but I sent this on in case you wanted to file it in as is.

On another front, I talked with Paul about his computer. He would like to work out an arrangement for transferring and preserving the information on the computer.

Thank you,

Jeff

**Jeffrey E. Holmes**
**Boles Holmes White LLC**
**The Farley Building**
**1929 3rd Avenue North**
**Suite 500**
**Birmingham, Alabama 35203**
**205.403.5713 (Direct)**
**jholmes@bhw.law**

**From:** Oates, Brian <boates@jw.com>
**Sent:** Monday, February 28, 2022 10:08 AM
**To:** Jeff Holmes <jholmes@bhpwlaw.com>
**Subject:** RE: Paul Hammond, Jason Pinson, and 360 Security Partners - Settlement Discussion

Jeff –

Nice speaking with you on Friday.  Pursuant to our conversation and your email below, attached for your review is a letter agreement regarding acceptance of service.  If all looks correct, please sign and return to me.

Call/email with any questions.

Thanks,
Brian

**Brian H. Oates**
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
O: (214) 953-5935 | M: (936) 661-8302 | boates@jw.com



---

**From:** Jeff Holmes <jholmes@bhpwlaw.com>
**Sent:** Thursday, February 24, 2022 6:41 PM
**To:** Oates, Brian <boates@jw.com>
**Subject:** RE: Paul Hammond, Jason Pinson, and 360 Security Partners - Settlement Discussion

<strong style="color:red">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**</strong>

Brian:

I am authorized to accept service. I will call you tomorrow.

Jeff

**Jeffrey E. Holmes**
**Boles Holmes White LLC**
**The Farley Building**
**1929 3rd Avenue North**
**Suite 500**
**Birmingham, Alabama 35203**
**205.403.5713 (Direct)**
**jholmes@bhw.law**

---

**From:** Oates, Brian <boates@jw.com>
**Sent:** Tuesday, February 22, 2022 10:12 AM
**To:** Jeff Holmes <jholmes@bhpwlaw.com>
**Subject:** RE: Paul Hammond, Jason Pinson, and 360 Security Partners - Settlement Discussion

Jeff –

Thanks.  I'm unaware of any need to accept service for my clients, but once I am aware of that need I will talk to my clients.

Brian

**Brian H. Oates**
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
O: (214) 953-5935 | M: (936) 661-8302 | boates@jw.com



APP. 008

**From:** Jeff Holmes <jholmes@bhpwlaw.com>
**Sent:** Tuesday, February 22, 2022 10:10 AM
**To:** Oates, Brian <boates@jw.com>
**Subject:** RE: Paul Hammond, Jason Pinson, and 360 Security Partners - Settlement Discussion

**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**

Brian:

I believe I will be in a position to formally notify you this afternoon that I am authorized to accept service for Paul Hammond provided you will extend the same for your clients.

Jeff

**Jeffrey E. Holmes**
**Boles Holmes White LLC**
**The Farley Building**
**1929 3rd Avenue North**
**Suite 500**
**Birmingham, Alabama 35203**
**205.403.5713 (Direct)**
**jholmes@bhw.law**

---

**From:** Oates, Brian <boates@jw.com>
**Sent:** Monday, February 21, 2022 2:11 PM
**To:** Jeff Holmes <jholmes@bhpwlaw.com>
**Subject:** RE: Paul Hammond, Jason Pinson, and 360 Security Partners - Settlement Discussion

Jeff –

Thank you for the call last week and for sending over the proposed settlement outline.  At this time, my client is not interested in settlement discussions and does not intend to respond to Paul's offer.

As I mentioned to you last week, we have been attempting for some time now to serve Paul.  Our process server informs me that Paul has been purposefully evading service.  I asked him when we spoke on the phone a few weeks back—before your involvement—if he would accept service and he refused to do so.  Will you accept service on his behalf?

If not, I will plan to file a motion for substituted service with the Court.  Give me a call if you wish to discuss anything.

Thanks,
Brian

**Brian H. Oates**
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
O: (214) 953-5935 | M: (936) 661-8302 | boates@jw.com



**From:** Jeff Holmes <jholmes@bhpwlaw.com>
**Sent:** Friday, February 18, 2022 4:40 PM
**To:** Oates, Brian <boates@jw.com>
**Subject:** RE: Paul Hammond, Jason Pinson, and 360 Security Partners - Settlement Discussion

<span style="color:red">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**</span>

Brian:

As discussed, I have attached a text message from Paul to Jason and 360 Security Partners outlining the terms of a proposed settlement of all claims between the parties.

I look forward to working with you.

Jeff

**Jeffrey E. Holmes**
**Boles Holmes White LLC**
**The Farley Building**
**1929 3rd Avenue North**
**Suite 500**
**Birmingham, Alabama 35203**
**205.403.5713 (Direct)**
**jholmes@bhw.law**

**From:** Oates, Brian <boates@jw.com>
**Sent:** Friday, February 18, 2022 3:19 PM
**To:** Jeff Holmes <jholmes@bhpwlaw.com>
**Subject:** RE: Paul Hammond, Jason Pinson, and 360 Security Partners

Jeff –

I am available the rest of the day.  Feel free to call.


**Brian H. Oates**
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
O: (214) 953-5935 | M: (936) 661-8302 | boates@jw.com



**From:** Jeff Holmes <jholmes@bhpwlaw.com>
**Sent:** Thursday, February 17, 2022 3:52 PM
**To:** Oates, Brian <boates@jw.com>
**Subject:** Paul Hammond, Jason Pinson, and 360 Security Partners

<span style="color:red">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**</span>

Brian:

4

APP. 010

I represent Paul Hammond. I understand that you represent Jason Pinson. Do you have some time this afternoon or tomorrow for a call?

Thank you,

Jeff

**Jeffrey E. Holmes**
**Boles Holmes White LLC**
**The Farley Building**
**1929 3rd Avenue North**
**Suite 500**
**Birmingham, Alabama 35203**
**205.403.5713 (Direct)**
**jholmes@bhw.law**

APP. 011

EXHIBIT
A-3

**Oates, Brian**

---

| | |
|---|---|
| **From:** | Oates, Brian |
| **Sent:** | Wednesday, March 2, 2022 9:02 AM |
| **To:** | Jeff Holmes |
| **Subject:** | RE: Paul Hammond, Jason Pinson, and 360 Security Partners -  Settlement Discussion |

Jeff –

Thanks for sending.  Only a minor skirmish I think.

I'm happy to discuss logistics regarding Paul's computer.  I have a third party forensics company I use often, so happy to involve them to facilitate the transfer.  We can have Paul ship the computer to them or arrange for them to have someone pick it up.  Let me know what you are thinking.

**Brian H. Oates**
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
O: (214) 953-5935 | M: (936) 661-8302 | boates@jw.com



---

**From:** Jeff Holmes <jholmes@bhpwlaw.com>
**Sent:** Monday, February 28, 2022 5:43 PM
**To:** Oates, Brian <boates@jw.com>
**Subject:** RE: Paul Hammond, Jason Pinson, and 360 Security Partners - Settlement Discussion

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Brian:

Well, we are already fighting, but not too much I suspect. I have attached a modified signed acceptance of service. I am happy to sign a revised version incorporating my edits but I sent this on in case you wanted to file it in as is.

On another front, I talked with Paul about his computer. He would like to work out an arrangement for transferring and preserving the information on the computer.

Thank you,

Jeff

**Jeffrey E. Holmes**

1

APP. 013

**Boles Holmes White LLC**
**The Farley Building**
**1929 3rd Avenue North**
**Suite 500**
**Birmingham, Alabama 35203**
**205.403.5713 (Direct)**
[jholmes@bhw.law](mailto:jholmes@bhw.law)

---

**From:** Oates, Brian <[boates@jw.com](mailto:boates@jw.com)>
**Sent:** Monday, February 28, 2022 10:08 AM
**To:** Jeff Holmes <[jholmes@bhpwlaw.com](mailto:jholmes@bhpwlaw.com)>
**Subject:** RE: Paul Hammond, Jason Pinson, and 360 Security Partners - Settlement Discussion

Jeff –

Nice speaking with you on Friday.  Pursuant to our conversation and your email below, attached for your review is a letter agreement regarding acceptance of service.  If all looks correct, please sign and return to me.

Call/email with any questions.

Thanks,
Brian

**Brian H. Oates**
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
O: (214) 953-5935 | M: (936) 661-8302 | [boates@jw.com](mailto:boates@jw.com)



---

**From:** Jeff Holmes <[jholmes@bhpwlaw.com](mailto:jholmes@bhpwlaw.com)>
**Sent:** Thursday, February 24, 2022 6:41 PM
**To:** Oates, Brian <[boates@jw.com](mailto:boates@jw.com)>
**Subject:** RE: Paul Hammond, Jason Pinson, and 360 Security Partners - Settlement Discussion

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Brian:

I am authorized to accept service. I will call you tomorrow.

Jeff

**Jeffrey E. Holmes**
**Boles Holmes White LLC**
**The Farley Building**
**1929 3rd Avenue North**
**Suite 500**
**Birmingham, Alabama 35203**

2

**205.403.5713 (Direct)**
**jholmes@bhw.law**

---

**From:** Oates, Brian <boates@jw.com>
**Sent:** Tuesday, February 22, 2022 10:12 AM
**To:** Jeff Holmes <jholmes@bhpwlaw.com>
**Subject:** RE: Paul Hammond, Jason Pinson, and 360 Security Partners - Settlement Discussion

Jeff –

Thanks.  I'm unaware of any need to accept service for my clients, but once I am aware of that need I will talk to my clients.

Brian


**Brian H. Oates**
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
O: (214) 953-5935 | M: (936) 661-8302 | boates@jw.com



---

**From:** Jeff Holmes <jholmes@bhpwlaw.com>
**Sent:** Tuesday, February 22, 2022 10:10 AM
**To:** Oates, Brian <boates@jw.com>
**Subject:** RE: Paul Hammond, Jason Pinson, and 360 Security Partners - Settlement Discussion

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Brian:

I believe I will be in a position to formally notify you this afternoon that I am authorized to accept service for Paul Hammond provided you will extend the same for your clients.

Jeff

**Jeffrey E. Holmes**
**Boles Holmes White LLC**
**The Farley Building**
**1929 3rd Avenue North**
**Suite 500**
**Birmingham, Alabama 35203**
**205.403.5713 (Direct)**
**jholmes@bhw.law**

---

**From:** Oates, Brian <boates@jw.com>
**Sent:** Monday, February 21, 2022 2:11 PM
**To:** Jeff Holmes <jholmes@bhpwlaw.com>
**Subject:** RE: Paul Hammond, Jason Pinson, and 360 Security Partners - Settlement Discussion

Jeff –

Thank you for the call last week and for sending over the proposed settlement outline.  At this time, my client is not interested in settlement discussions and does not intend to respond to Paul's offer.

As I mentioned to you last week, we have been attempting for some time now to serve Paul.  Our process server informs me that Paul has been purposefully evading service.  I asked him when we spoke on the phone a few weeks back— before your involvement—if he would accept service and he refused to do so.  Will you accept service on his behalf?

If not, I will plan to file a motion for substituted service with the Court.  Give me a call if you wish to discuss anything.

Thanks,
Brian

**Brian H. Oates**
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
O: (214) 953-5935 | M: (936) 661-8302 | boates@jw.com



---

**From:** Jeff Holmes <jholmes@bhpwlaw.com>
**Sent:** Friday, February 18, 2022 4:40 PM
**To:** Oates, Brian <boates@jw.com>
**Subject:** RE: Paul Hammond, Jason Pinson, and 360 Security Partners - Settlement Discussion

<span style="color:red">**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***</span>

Brian:

As discussed, I have attached a text message from Paul to Jason and 360 Security Partners outlining the terms of a proposed settlement of all claims between the parties.

I look forward to working with you.

Jeff

**Jeffrey E. Holmes**
**Boles Holmes White LLC**
**The Farley Building**
**1929 3rd Avenue North**
**Suite 500**
**Birmingham, Alabama 35203**
**205.403.5713 (Direct)**
**jholmes@bhw.law**

---

**From:** Oates, Brian <boates@jw.com>
**Sent:** Friday, February 18, 2022 3:19 PM

**To:** Jeff Holmes <jholmes@bhpwlaw.com>
**Subject:** RE: Paul Hammond, Jason Pinson, and 360 Security Partners

Jeff –

I am available the rest of the day.  Feel free to call.

**Brian H. Oates**
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
O: (214) 953-5935 | M: (936) 661-8302 | boates@jw.com



---

**From:** Jeff Holmes <jholmes@bhpwlaw.com>
**Sent:** Thursday, February 17, 2022 3:52 PM
**To:** Oates, Brian <boates@jw.com>
**Subject:** Paul Hammond, Jason Pinson, and 360 Security Partners

<strong><span style="color:red">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**</span></strong>

Brian:

I represent Paul Hammond. I understand that you represent Jason Pinson. Do you have some time this afternoon or tomorrow for a call?

Thank you,

Jeff

**Jeffrey E. Holmes**
**Boles Holmes White LLC**
**The Farley Building**
**1929 3rd Avenue North**
**Suite 500**
**Birmingham, Alabama 35203**
**205.403.5713 (Direct)**
**jholmes@bhw.law**

EXHIBIT
A-4

**Oates, Brian**

| | |
|---|---|
| **From:** | Oates, Brian |
| **Sent:** | Thursday, March 10, 2022 4:42 PM |
| **To:** | edward.fiducia@consilio.com |
| **Cc:** | Jeff Holmes |
| **Subject:** | New Forensics Needed -- Laptop Image |

Ed –

I am currently involved in a dispute between a company (360 Security Partners) and a former employee (Paul Hammond). We need to collect and image a computer in Mr. Hammond's possession. He resides in Alabama. My understanding is that Mr. Hammond had private data on the computer. Are we able to image the computer and then segregate the personal information from data relevant to the parties' dispute? That way 360 Security Partners only gets the relevant information and not Mr. Hammond's personal data.

I have copied Jeff Holmes on this email. He is Mr. Hammond's attorney and we have discussed the above and are looking to you to help guide us.

Thanks in advance for your help.

Brian

**Brian H. Oates** | Partner
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
O: (214) 953-5935 | M: (936) 661-8302 | boates@jw.com



APP. 019

EXHIBIT
A-5

**Oates, Brian**

| | |
|---|---|
| **From:** | Edward Fiducia <Edward.Fiducia@consilio.com> |
| **Sent:** | Thursday, March 10, 2022 4:58 PM |
| **To:** | Oates, Brian |
| **Cc:** | Jeff Holmes |
| **Subject:** | RE: New Forensics Needed -- Laptop Image |

<span style="color:red">**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***</span>

Hello Brian and Jeff,

You bet.  Easy to do.  I'll give you the Reader's Digest version here.  Happy to provide additional information if you need it.

To image the laptop, we have two options:

- Option 1 - Mr. Hammond overnights the laptop to us.  We image it and overnight it back to him. – Cost is $600 plus shipping.

- Option 2 – We ship a Remote Collections Kit to Mr. Hammond.  Once received, one of our Forensic Examiners works with Mr. Hammond to initiate a remote session (usually via TeamViewer), connects the hardware, and kicks off the drive imaging process.  Once completed, Mr. Hammond packs the kit back into the box, removes the old shipping label, places the new (included) shipping label on the box and drops off at any FedEx shipping center.  Cost is approximately $1000 + shipping.

Once we have the drive image in hand, we will generate a list of active files for review.  Once the parties come to agreement as to the files that are OK to deliver to Jackson Walker, we will export only those files.

All the best,

Ed

*Ed Fiducia* / **_Consilio_**
Director

**m** (214) 566-2450
**e** edward.fiducia@consilio.com



**From:** Oates, Brian <boates@jw.com>
**Sent:** Thursday, March 10, 2022 4:42 PM
**To:** Edward Fiducia <Edward.Fiducia@consilio.com>
**Cc:** Jeff Holmes <jholmes@bhpwlaw.com>
**Subject:** New Forensics Needed -- Laptop Image

APP. 021

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Ed –

I am currently involved in a dispute between a company (360 Security Partners) and a former employee (Paul Hammond).  We need to collect and image a computer in Mr. Hammond's possession.  He resides in Alabama.  My understanding is that Mr. Hammond had private data on the computer.  Are we able to image the computer and then segregate the personal information from data relevant to the parties' dispute?  That way 360 Security Partners only gets the relevant information and not Mr. Hammond's personal data.

I have copied Jeff Holmes on this email.  He is Mr. Hammond's attorney and we have discussed the above and are looking to you to help guide us.

Thanks in advance for your help.

Brian

**Brian H. Oates** | Partner
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
O: (214) 953-5935 | M: (936) 661-8302 | boates@jw.com



CONFIDENTIAL: This email message and any attachments may contain confidential and/or privileged information that is protected from disclosure under applicable law. If it has been sent to you in error, please reply to advise the sender of the error and then promptly delete all copies of this message. Before opening attachments please check them for viruses and defects. While Consilio has put in place checks to minimize the risks, Consilio will not be responsible for any viruses or defects or any forwarded attachments emanating either from within Consilio or outside. Please note that e-mails are susceptible to change and Consilio shall not be liable for any improper, untimely or incomplete transmission. Privacy Policy

APP. 022

EXHIBIT
A-6

## Oates, Brian

| | |
|---|---|
| **From:** | Oates, Brian |
| **Sent:** | Tuesday, March 15, 2022 4:52 PM |
| **To:** | Edward Fiducia; Megan Mahle; DFES_Gray |
| **Cc:** | Jeff Holmes |
| **Subject:** | RE: Laptop Imaging - 360 Security Partners v Hammond - (H68995) |

Jeff –

Haven't heard from you on this.  Can you have Mr. Hammond overnight the laptop as stated below?

**Brian H. Oates** | Partner
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
O: (214) 953-5935 | M: (936) 661-8302 | boates@jw.com



---

**From:** Edward Fiducia <Edward.Fiducia@consilio.com>
**Sent:** Monday, March 14, 2022 9:40 AM
**To:** Oates, Brian <boates@jw.com>; Megan Mahle <Megan.Mahle@consilio.com>; DFES_Gray
<dfes_gray@consilio.com>
**Cc:** Jeff Holmes <jholmes@bhpwlaw.com>
**Subject:** Laptop Imaging - 360 Security Partners v Hammond - (H68995)

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***
(Changed Subject Line and added our forensics team....)

Easy enough to accomplish this week.  Please have Mr. Hammond overnight the laptop to:

Consilio
ATTN:  Megan Mahle
1435 N Rockwell St.  #1
Chicago, IL 60622

w   312.239.0085
m   773.485.0761

Packages should be shipped for weekday delivery with signature release required.

Also, please have him send us the tracking number when he ships.

Thanks!

Ed

*Ed Fiducia / **Consilio***
Director

1

APP. 024

**m** (214) 566-2450
**e** edward.fiducia@consilio.com



**From:** Oates, Brian <boates@jw.com>
**Sent:** Monday, March 14, 2022 9:04 AM
**To:** Edward Fiducia <Edward.Fiducia@consilio.com>
**Cc:** Jeff Holmes <jholmes@bhpwlaw.com>
**Subject:** RE: New Forensics Needed -- Laptop Image


CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Thanks, Ed.

Jeff, I would prefer option 1 below.  I think for a variety of reasons it makes the most sense to take the imaging process completely out of Mr. Hammond's hands.

Let me know if we can get this accomplished this week.

Brian

---

**From:** Edward Fiducia <Edward.Fiducia@consilio.com>
**Sent:** Thursday, March 10, 2022 4:58 PM
**To:** Oates, Brian <boates@jw.com>
**Cc:** Jeff Holmes <jholmes@bhpwlaw.com>
**Subject:** RE: New Forensics Needed -- Laptop Image

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Hello Brian and Jeff,

You bet.  Easy to do.  I'll give you the Reader's Digest version here.  Happy to provide additional information if you need it.

To image the laptop, we have two options:

- Option 1 - Mr. Hammond overnights the laptop to us.  We image it and overnight it back to him. – Cost is $600 plus shipping.

- Option 2 – We ship a Remote Collections Kit to Mr. Hammond.  Once received, one of our Forensic Examiners works with Mr. Hammond to initiate a remote session (usually via TeamViewer), connects the hardware, and kicks off the drive imaging process.  Once completed, Mr. Hammond packs the kit back into the box, removes the old shipping label, places the new (included) shipping label on the box and drops off at any FedEx shipping center.  Cost is approximately $1000 + shipping.

Once we have the drive image in hand, we will generate a list of active files for review.  Once the parties come to agreement as to the files that are OK to deliver to Jackson Walker, we will export only those files.

All the best,

Ed

*Ed Fiducia* / **_Consilio_**
Director

**m**  (214) 566-2450
**e**  edward.fiducia@consilio.com



---

**From:** Oates, Brian <boates@jw.com>
**Sent:** Thursday, March 10, 2022 4:42 PM
**To:** Edward Fiducia <Edward.Fiducia@consilio.com>
**Cc:** Jeff Holmes <jholmes@bhpwlaw.com>
**Subject:** New Forensics Needed -- Laptop Image


CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Ed –

I am currently involved in a dispute between a company (360 Security Partners) and a former employee (Paul Hammond).  We need to collect and image a computer in Mr. Hammond's possession.  He resides in Alabama.  My understanding is that Mr. Hammond had private data on the computer.  Are we able to image the computer and then segregate the personal information from data relevant to the parties' dispute?  That way 360 Security Partners only gets the relevant information and not Mr. Hammond's personal data.

I have copied Jeff Holmes on this email.  He is Mr. Hammond's attorney and we have discussed the above and are looking to you to help guide us.

Thanks in advance for your help.

Brian


**Brian H. Oates** | Partner
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
O: (214) 953-5935 | M: (936) 661-8302 | boates@jw.com



APP. 026

CONFIDENTIAL: This email message and any attachments may contain confidential and/or privileged information that is protected from disclosure under applicable law. If it has been sent to you in error, please reply to advise the sender of the error and then promptly delete all copies of this message. Before opening attachments please check them for viruses and defects. While Consilio has put in place checks to minimize the risks, Consilio will not be responsible for any viruses or defects or any forwarded attachments emanating either from within Consilio or outside. Please note that e-mails are susceptible to change and Consilio shall not be liable for any improper, untimely or incomplete transmission. Privacy Policy

APP. 027

EXHIBIT
A-7

**Oates, Brian**

| | |
|---|---|
| **From:** | Jeff Holmes <jholmes@bhpwlaw.com> |
| **Sent:** | Monday, March 21, 2022 11:48 AM |
| **To:** | Oates, Brian |
| **Subject:** | responsive pleading and computer imaging |

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Brian:

I have information about the computer imaging proposal. Hammond was out of the state last week and was occupied with furnishing me information for our responsive pleading. But I did get that Hammond would like to dually image the computer using a local forensic company. It would follow the same procedure you outlined for the Texas company. I have a call in to a forensic company that we use and have to gather some additional information. Hammond has the computer, so I will need to get it from him.

On the responsive pleading, if you have not filed in our acceptance of service, would you agree to an additional three days to respond ( March 24)? I need to button up some points with Hammond before responding. If you have filed in the acceptance, would you agree to let me recite that a motion for enlargement of time is unopposed?

Thank you,

jeff

**Jeffrey E. Holmes**
**Boles Holmes White LLC**
**The Farley Building**
**1929 3rd Avenue North**
**Suite 500**
**Birmingham, Alabama 35203**
**205.403.5713 (Direct)**
**jholmes@bhw.law**

APP. 029

EXHIBIT
A-8



Brian H. Oates
(214) 953-5935 (Direct Dial)
(214) 661-6619 (Direct Fax)
boates@jw.com

April 27, 2022

*VIA E-MAIL*: (jholmes@bhw.law)

Jeffrey E. Holmes
Boles Holmes White LLC
The Farley Building
1929 3rd Avenue North, Suite 350
Birmingham, Alabama 35203

Re:     Paul Hammond's Property and Possession of 360 Security Partners LLC's Assets

Dear Jeff:

I write to address a few items, some of which we have discussed, and others that may be new.  Please call me as necessary, but I would appreciate a response in writing so that the record is clear on these matters.

First, when Mr. Hammond was terminated on December 1, 2021, he left the premises without taking all of his belongings.  360 has on several occasions attempted to contact him to coordinate his retrieval of the items left behind.  360 has not received any response nor has Mr. Hammond picked up his property. 360 intends to deem his personal property abandoned and discard it if Mr. Hammond does not pick it up by ***Friday, April 29, 2022***.

Second, is the laptop issue, along with the 360's information and data stored on it.  As we have discussed many times over several months, Mr. Hammond continues to possess 360's laptop and corporate owned data. You have informed me that there is no dispute that the computer belongs to 360, yet it has not been returned despite Mr. Hammond's employment having been terminated four months ago.  360 requests that the laptop be placed into the mail or other delivery service no later than ***Monday, May 9, 2022***.  Pursuant to our phone call earlier today, you have indicated that timing is acceptable.

My understanding from our conversations is that you have engaged a forensics company to image the laptop before its return to 360.  We need confirmation that Mr. Hammond does not have any further access to the company information and data that was stored on the computer, and that will be contained within the image your forensics team made.  While we do not yet have a protective order in place, we intend to designate that information as "Attorneys' Eyes Only," and expect that it will be destroyed once the litigation has terminated.

Finally, Mr. Hammond continues to maintain control and administrative rights over various 360 social media accounts, websites, and domains.  For example, Mr. Hammond controls the web

domain at https://cargoscreeningk9.com/, as well as the website registrations and domains for the other 360 entities.  He also controls 360's LinkedIn accounts.  Mr. Hammond has no rights with respect to those sites, accounts, or domains, and must immediately transfer control and administrative rights to those, and any other domains or accounts to which he has access, to 360. That must be done no later than next ***Friday, May 6, 2022***.

I appreciate your assistance on these important matters.

Sincerely,

Brian H. Oates

EXHIBIT
A-9



Brian H. Oates
(214) 953-5935 (Direct Dial)
(214) 661-6619 (Direct Fax)
boates@jw.com

May 12, 2022

*VIA E-MAIL*: (jholmes@bhw.law)

Jeffrey E. Holmes
Boles Holmes White LLC
The Farley Building
1929 3rd Avenue North, Suite 350
Birmingham, Alabama 35203

Re:     Paul Hammond

Dear Jeff:

I previously wrote to you on April 27, 2022, about, among other things, Mr. Hammond's continued illegal and unauthorized possession of 360's computer and the information and data stored on it. Mr. Hammond has admitted 360 owns the laptop and committed to return it for months, yet he now apparently refuses to do so. You even committed to mail the computer to 360's representatives no later than Monday, May 9, 2022. As of today, the laptop remains in Mr. Hammond's possession, custody, and control.

In addition, Mr. Hammond continues to maintain control and administrative rights over various 360's social media accounts, websites, and domains. Mr. Hammond has no right to those sites, accounts, or domains. Despite my previous demand that all control or other rights be transferred to 360 no later than May 6, 2022, it has not been done.

360 has uncovered Mr. Hammond's likely desire to keep 360's property, data, and information: (1) to improperly compete with 360 and (2) to solicit 360's employees, contractors, and clients, both of which are in contravention of the restrictive covenants set forth in the August 17, 2020 Purchase Agreement ("Agreement"). Specifically, Section 5.2 of the Agreement prohibits Mr. Hammond from competing with VWK9 (and certain other entities, including Canine Screening Services Alliance and U.S. Canine Biathlon) or soliciting any of VWK9's (and certain other entities) employees or customers for a period of five years, which expires on August 17, 2025.

It has come to 360's attention that Mr. Hammond may be actively working in the business of developing, marketing or soliciting client contracts for purposes of providing canine security services, canine detection teams, canine patrol, training, security management or working dog sales for those purposes in violation of the Agreement's covenants. 360 has also had a number of employees and contractors tender their resignation, or abruptly quit, since Mr. Hammond's firing,

APP. 034

and we are actively investigating whether they did so, directly or indirectly, at Mr. Hammond's urging.

Therefore, this letter constitutes a formal demand upon Mr. Hammond to immediately cease and desist from engaging in any conduct violative of the Agreement's restrictive covenants. 360 intends to vigorously pursue its legal rights and remedies, including, if necessary, by filing a lawsuit to enjoin Mr. Hammond from any potentially unlawful and tortious conduct. 360 will also seek to recover its damages and attorneys' fees.

We hope those measures will not prove necessary. Please let me know by **Wednesday, May 18, 2022, at 4:00 p.m. Central Time** whether Mr. Hammond intends to honor his obligations under the Agreement.

Sincerely,

Brian H. Oates

EXHIBIT
A-10

**Oates, Brian**

| | |
|---|---|
| **From:** | Jeff Holmes <jholmes@bhpwlaw.com> |
| **Sent:** | Wednesday, May 18, 2022 3:11 PM |
| **To:** | Oates, Brian |
| **Subject:** | RE: Paul Hammond Restrictive Covenants |

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Brian:

I have your letter of May 12. 2022. I am working on a response but will not be able to get anything to you before Friday, May 20. I can pass on that Hammond's computer was mailed from our forensic team to your forensic team on Monday May 16. It had been in their possession for over two weeks. Apparently the computer has very new technology and it took them longer than they expected to complete their work.

Also, do you plan to voluntarily provide 360 and Pinson's initial disclosure documents?

Jeff

**Jeffrey E. Holmes**
**Boles Holmes White LLC**
**The Farley Building**
**1929 3rd Avenue North**
**Suite 500**
**Birmingham, Alabama 35203**
**205.403.5713 (Direct)**
**jholmes@bhw.law**

**From:** Oates, Brian <boates@jw.com>
**Sent:** Thursday, May 12, 2022 9:25 PM
**To:** Jeff Holmes <jholmes@bhpwlaw.com>
**Subject:** Paul Hammond Restrictive Covenants

Jeff –

Please see the attached correspondence.

**Brian H. Oates** | Partner
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
O: (214) 953-5935 | M: (936) 661-8302 | boates@jw.com



APP. 037

# EXHIBIT
# B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 360 SECURITY PARTNERS, LLC AND | § | |
| JASON PINSON, | § | |
| | § | |
| PLAINTIFFS, | § | CIVIL ACTION NO. 3:21-CV-3004-B |
| | § | |
| v. | § | |
| | § | JURY DEMANDED |
| PAUL HAMMOND, | § | |
| | § | |
| DEFENDANT. | § | |

## DECLARATION OF YANIV SCHIFF

I, Yaniv Schiff, make the following declaration in accordance with 28 U.S.C. § 1746, under oath, under penalty of perjury, and based on my personal knowledge and experience.  I am over the age of 21 years old, and am fully competent to testify to the matters addressed herein.

1. I am Director of Forensics for Consilio and work from its offices at 309 W. Washington, Suite 1300, Chicago, IL 60606.  Consilio is a provider of electronic discovery ("ediscovery") and digital forensic services, including collection, preservation, processing, and analyzing electronically stored information ("ESI").

2. I am a Certified Computer Examiner (CCE) through the International Society of Forensic Computer Examiners and am a member of the High Technology Crime Investigation Association. I received extensive training in the field of computer forensics and e-discovery from the SANS organization, LexisNexis, and other institutions.

3. Additionally, I have served as an adjunct faculty member at Loyola University teaching computer forensics to graduate and undergraduate level students.

**DECLARATION OF YANIV SCHIFF**                                                                **PAGE 1**

4.  I have previously provided testimony and have been admitted as a computer forensics expert in both federal and state courts. I have also given numerous presentations and seminars to law firms, judicial bodies, and other organizations.

5.  My current curriculum vitae is attached hereto as Exhibit 1.

6.  Through my experience in the area of computer forensics, I am familiar with commonly used and accepted processes and technology for reporting on data, storage, and operating systems of computers, servers, networks, and mobile devices. I have assisted with and drafted numerous e-discovery and forensic protocols which govern forensic collection procedures, keyword searches, and ultimately production of Electronically Stored Information ("ESI").

7.  Consilio was engaged by Plaintiffs 360 Security Partners, LLC and Jason Pinson in the above referenced case in order to conduct forensic imaging of a laptop computer in Defendant Paul Hammond's possession.

8.  On May 19, 2022, Consilio received an Apple MacBook Pro A2289 serial number C02DL1TCP3XY from Defendant.

9.  On May 24, 2022, two forensic collections were performed of the MacBook Pro laptop; a Time Machine backup and a logical copy of the single user profile folder present on the laptop named "k9".

10. Based on my review and analysis of the data collected from the MacBook, I discovered that the laptop had been factory reset by a user on March 15, 2022, which resulted in the complete and permanent deletion of all information and electronically stored data on the laptop.

**DECLARATION OF YANIV SCHIFF**                                                      **PAGE 2**

11. The file "install.log" which maintains information related to software installation and updates shows that on March 15, 2022 at 11:36:13 AM a system reset operation was executed.

```
Mar 15 11:36:15 MacBook-Pro mobile_obliterator[90]: IASClearInstallProgress: Clearing Registry
Mar 15 11:36:15 MacBook-Pro mobile_obliterator[90]: Adding Phase 'Reset My Mac - prepare'' with progress weight of 10.000000%
Mar 15 11:36:15 MacBook-Pro mobile_obliterator[90]: IASGetCurrentInstallPhaseList: Unable to get phases
Mar 15 11:36:15 MacBook-Pro mobile_obliterator[90]: IASSetCurrentInstallPhaseList: phases set to (
        {
        ConclusionDelay = 0;
        InstallPhase = "Reset My Mac - prepare";
        InstallPhaseActualPercentageKey = 10;
        InstallPhasePercentageKey = 10;
    }
)
Mar 15 11:36:15 MacBook-Pro mobile_obliterator[90]: Adding Phase 'Reset My Mac - system cleanup'' with progress weight of 20.000000%
Mar 15 11:36:15 MacBook-Pro mobile_obliterator[90]: IASGetCurrentInstallPhaseList: phases = (
        {
        ConclusionDelay = 0;
        InstallPhase = "Reset My Mac - prepare";
```

12. On examination of the "k9" user profile, it was found to have been created on March 15, 2022 at 11:39 AM, shortly following the system reset process.

13. The user profile contained zero user generated files. The user initiated system reset process effectively wipes all data from the laptop's hard drive rendering all user generated content non-recoverable.

So declared under penalty of perjury on this 29th day of September, 2022.

*Yaniv Schiff*
Yaniv Schiff

**DECLARATION OF YANIV SCHIFF**                                    **PAGE 3**

# EXHIBIT
# C

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 360 SECURITY PARTNERS, LLC AND JASON PINSON, | § § § | |
| PLAINTIFFS, | § § | CIVIL ACTION NO. 3:21-CV-3004-B |
| v. | § § | JURY DEMANDED |
| PAUL HAMMOND, | § § | |
| DEFENDANT. | § | |

## DECLARATION OF JERRY TROJAN

I, Jerry Trojan, make the following declaration in accordance with 28 U.S.C. § 1746, under oath, under penalty of perjury, and based on my personal knowledge and experience. I am over the age of 21 years old, and am fully competent to testify to the matters addressed herein.

1.      I served as the Chief Financial Officer for 360 in December 2021. In my capacity as 360's CFO, I am familiar with the facts set forth in this affidavit, each of which is true and correct based on my personal knowledge.

2.      360 terminated Hammond from his role as chief executive officer on December 2, 2021. I was present at the in-person meeting at which Hammond was terminated. At that meeting, Hammond was provided a letter requesting that he return all 360 property and information no later than the following day.

3.      At the termination meeting on December 2, 2021, I specifically asked Hammond to hand over 360's MacBook computer that was in his possession. Hammond told me, "You're not getting this laptop." I responded and told Hammond that the data on the laptop belongs to 360 and that the company needed to have it. Hammond refused to turn over the computer.

DECLARATION OF JERRY TROJAN                                              PAGE 1

4.      Instead, Hammond got up from the meeting and ran out of 360's offices with the computer.

So declared under penalty of perjury on this 24th day of October, 2022.

Jerry Trojan

**DECLARATION OF JERRY TROJAN**                                                    **PAGE 2**